IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PLASKOLITE, INC.,

    Plaintiff,

v.

ZHEJIANG TAIZHOU EAGLE
MACHINERY CO., LTD., et al.

    Defendants.

Case No. 08-487
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge King

## OPINION AND ORDER

This matter is before the Court on Defendants' renewed Motions to Dismiss Plaintiff's Amended Complaint, or in the alternative, to Transfer Venue to the Northern District of Georgia.[1] (Docs. 18, 20). For the reasons that follow, Defendants' motions to transfer venue are GRANTED, and their motions to dismiss are DENIED as MOOT.

### I.

Plaintiff Plaskolite, Inc. is an Ohio corporation that manufactures and sells plastic sheet, such as lighting panels, to retailers. Defendant Zhejiang Taizhou Eagle Machinery Co., Ltd ("ZTE") is a Chinese company that manufactures various products, including plastic sheeting. Defendant Global Home Industries, LLC ("GHI") is a Georgia company that imports Chinese products, including those from ZTE, and sells them to The Home Depot, also located in Georgia. Defendant Zhejiang Eagle Industries is a Georgia entity that has not yet been served or entered an

---

[1] Defendants' initial motions to dismiss, docs. 6 and 9, were rendered MOOT by the filing of Plaintiff's Amended Complaint (doc. 11), and by the filing of Defendants' renewed motions, addressed herein.

appearance in the case.

Plaintiff's Amended Complaint alleges violations of the Robinson-Patman Act and the Clayton Act on the part of Defendants in connection with the sale of plastic ceiling panels. (Am. Compl. at ¶ 5); 15 U.S.C. §13(c), §15(a). Specifically, Plaintiff alleges that ZTE, ZEI, and/or GHI engaged in commercial bribery, by granting kickbacks or bribes to buyers employed by Home Depot in exchange for Home Depot's business. Plaintiff claims that it has suffered injury in the form of its lost business to Home Depot as a result of this antitrust violation.

Defendant ZTE moves to dismiss Plaintiff's claims for lack of proper service and lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and 12(b)(5); GHI moves to dismiss based on improper venue and lack of personal jurisdiction. In the alternative, both Defendants seek to have the case transferred to the Northern District of Georgia under 28 U.S.C. §1404.

## II.

Plaintiff has the burden of proving that the Court has personal jurisdiction over Defendants. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In contrast, the party bringing a motion to transfer venue under Federal Rule 12(b)(3) and 28 U.S.C. § 1404 bears the burden of proving that the transferee district is a more convenient forum for litigation of the action. *See Eastman Outdoors Inc. v. Archery Trade Ass'n*, 2006 U.S. Dist. LEXIS 42835, 7-8 (E.D. Mich. June 6, 2006), *citing Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Courts generally consider the question of personal jurisdiction before addressing the issue of proper venue. *See Leroy v. Great W. United Corp.*, 443 U.S. 173 (1979). A Court may, however, first analyze the question of venue when "the resolution of the venue issue resolves the

case before the Court." *Lomanno v. Black*, 285 F.Supp. 2d 637, 640 (E.D. Pa. 2003). As one court has stated, where "defendants have challenged a court's power over their persons and, at the same time, have moved alternatively for transfer, the interests of judicial economy are best served by initial address of the transfer issue." *Teleprompter Corp. v. Polinsky*, 447 F. Supp. 53, 54-55, 1977 U.S. Dist. LEXIS 13727 (S.D.N.Y. 1977).

Plaintiff relies on 28 U.S.C. § 1391(c) and (d), and the special venue provision of the Clayton Act, 15 U.S.C. § 22 ("Section 12"), for its assertion that venue is proper in this district. Section 12 of the Clayton Act states:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

Although the Sixth Circuit Court of Appeals has not yet considered the issue, many courts have analyzed the interaction of the Clayton Act's special venue provision and the general venue statute when a plaintiff relies on Section 12 to establish personal jurisdiction. Three different approaches have emerged, with some courts requiring plaintiffs to use Section 12's venue provision exclusively when suing a domestic entity, but allowing plaintiffs to establish venue over an alien corporation under the general venue statute, 28 U.S.C. § 1391(d). *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.*, 2002 U.S. Dist. LEXIS 15099 (E.D. Pa. July 31, 2002), *affirmed*, 358 F.3d 288 (3d Cir. 2004); *GE v. Bucyrus-Erie Co.*, 550 F. Supp. 1037, 1040 (S.D.N.Y. 1982); *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989). Other courts allow for special and general venue provisions to be used interchangeably. *See, e.g., New York v. Morton Salt Co.*, 266 F.Supp. 570, 574-75 (E.D. Pa. 1967). Last, some courts have

held that Section 12 is the exclusive basis for venue in antitrust matters. *See, e.g., GTE New Media Servs. Inc. v. Bellsouth Corp.*, 199 F. 3d 1343 (D.C. Cir. 2000); *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F.Supp. 2d 520, 532 (N.D. Tex. 2001).

This Court finds the analysis set out by the Ninth and Third Circuit Courts of Appeal in *Go-Video, Inc.* and *Automobile Refinishing* to be the most persuasive. Therefore, the Court adopts the first approach, whereby Section 12's venue provision can be supplemented by the general venue statute for alien but not domestic defendants. *See Brunette Machine Works Ltd. v. Kockum Indus. Inc.*, 406 U.S. 706, 708 (1972) (recognizing that 28 U.S.C. § 1391(d) is unique among general venue statutes; permitting aliens to be sued in district is a principle with roots in "the beginning of the Republic").

It is not clear from Plaintiff's Amended Complaint or memoranda what approach it recommends to the Court. Plaintiff appears to assert that venue lies under 28 U.S.C. § 1391(c) for the domestic defendant, GHI, and under a combination of Section 12 and 28 U.S.C. § 1391(d) for the alien defendant, ZTE. The Court will analyze each basis.

### *Venue and Personal Jurisdiction for Claims against GHI*

Following the approach adopted by the Third and Ninth Circuit Courts, the Court finds that Plaintiff must establish venue under Section 12 of the Clayton Act in order to pursue claims against GHI, a domestic entity, in this district. "The holding of *Go-Video* permits a plaintiff to sue only an alien corporation in any district; nothing in *Go-Video* permits a domestic corporation to be sued in any district. Rather, a domestic corporation could only be sued according to Section 12." *Automotive Refinishing*, 2002 U.S. Dist. LEXIS 15099, *9, 358 F.3d at 296, n.10 (emphasizing the importance of distinguishing between out-of-state and foreign corporate

4

antitrust defendants); *see also In re Magnetic Audiotape Antitrust Litig. v. BASF AG*, 171 F.Supp. 2d 179, 185 (S.D.N.Y. 2001).

Plaintiff cannot establish venue under Section 12, which states: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business. . . ." 15 U.S.C. § 22. Inhabitant means "incorporated under the laws of that jurisdiction." *Automotive Refinishing*, 358 F.3d at 293 n.6 (quoting *Bucyrus-Erie*, 550 F. Supp. at 1041 n.5). "Being 'found' in a district is generally equated with 'doing business' there, and requires greater contacts than does 'transacting business.'" *Id*. Corporations are found "where [they have] 'presence' and 'continuous local activities' in the district." *Id.*; *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F.Supp. 2d 415, 424 (E.D. Pa. 2005).

In lieu of analyzing venue under Section 12, Plaintiff contends that GHI is subject to personal jurisdiction under Ohio's long-arm statute, and therefore that venue is proper under the general venue statute, 28 U.S.C. § 1391(c).[2] *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (law of the forum state determines whether assertion of personal jurisdiction is proper). Specifically, Plaintiff relies on Ohio Rev. Code § 2307.382(A)(6), whereby jurisdiction can be asserted over a non-resident defendant that "caus[ed] tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state."

Plaintiff's position in this regard is tenuous. Plaintiff's memorandum states that GHI

---

[2] 28 U.S.C. 1391(c) states: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . ."

engaged in corporate bribery with the knowledge that Plaskolite would be injured in Ohio. Plaintiff's Amended Complaint contains no such allegation. Rather, Plaintiff relies on the affidavit of John Szlag, National Sales Manager for Plaskolite, who states as follows: "I believe that both ZTE and Global Home was *(sic)* aware of Plaskolite's existence, knew of Plaskolite's location in Ohio, and were aware of the fact that Plaskolite is one of their competitors. In fact, I believe that ZTE and Global Home knew that Plaskolite was an existing supplier to Home Depot at the time ZTE and Global Home began their commercial bribery activity and, thus, knew that their conduct would damage Plaskolite by lost sales." (Szlag Aff. at ¶¶18-19, doc. 22-2).

Plaskolite does not contest the facts set out in the affidavit of Haibin Chen, GHI's owner, which states that GHI has no employees, agents, property, or operations in Ohio. (Doc. 18-2, ¶4). GHI is not registered or licensed to do business in Ohio, and does not transact business with Ohio companies in Ohio or elsewhere. (Id.) Rather, it deals with the Home Depot in Georgia, and ships its imported products out of warehouses in Atlanta and Los Angeles. (Id.) Most importantly, according to Mr. Chen's affidavit, none of GHI's plastic sheet or ceiling panel products are sold in the state of Ohio, through Home Depot or otherwise, "as it is part of the Midwest Region, a territory in which The Home Depot does not sell products of GHI . . . ." (Id. at ¶5).

In considering Defendants' jurisdictional motions, the Court has discretion to decide the issues on affidavits, to order limited discovery on the issue of jurisdiction, or to conduct an evidentiary hearing. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). No party has requested a hearing in this case, and the Court finds that the facts in the record are sufficiently developed to allow for a reasoned decision based upon the parties' affidavits. The Court views

6

the facts in a light most favorable to Plaskolite, the nonmoving party. In the face of a properly supported motion for dismissal, however, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Id.*; *see also Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989); *Mich. Nat. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989) (If the court chooses to decide the motion on the written submissions alone, it must consider the pleadings and affidavits in the light most favorable to the plaintiff.)

Plaintiff's affidavit does not set forth specific facts in support of jurisdiction. Mr. Szlag's belief that GHI was aware of Plaskolite's existence and location, and his "understanding that some of the plastic sheets sold by ZTE and Global Home to Home Depot were resold by Home Depot in Ohio" are not based on personal knowledge, and constitute inadmissable speculation. *See Kemper v. Saline Lectronics*, 348 F.Supp. 2d 897, 899 (N.D. Ohio 2004) (applying the Rule 56(e) standard to affidavits in support of a motion to dismiss, requiring that they "shall be made on personal knowledge," and determining that "the Court will disregard averments of facts outside the affiants' personal knowledge"); *Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978) (statements prefaced by "I believe" or those made upon "understanding" are properly subject to a motion to strike); *Carey v. Beans*, 500 F.Supp. 580, 583 (E.D. Pa. 1980).

Where personal jurisdiction is challenged, the plaintiff has the burden of establishing that jurisdiction exists. *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988). Plaintiff Plaskolite has not come forward with facts establishing that GHI has any connection whatsoever with the state of Ohio, and has not proved that jurisdiction is appropriate under Ohio's long-arm statute. Assuming for purposes of the motion to dismiss that Plaintiff's allegations of

commercial bribery are true, and that GHI and Plaskolite are competitors, there are no facts indicating that GHI acted with knowledge that a competitor would be injured in Ohio. Rather, the admissible facts in evidence show that no GHI products were resold in Ohio.

Exercising personal jurisdiction over GHI would also offend due process considerations. "[D]ue process requires [] that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

This Court conducts a three-part test to determine whether personal jurisdiction is proper, asking: (1) whether the defendant purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) whether the cause of action arose from the defendant's activities there; and (3) whether the acts of the defendant or consequence caused by the defendant had a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *Smith v. Home Depot USA, Inc.*, 2008 U.S. App. LEXIS 19858 (6th Cir. Sept. 17, 2008). Here, there is no evidence of availment, purposeful or otherwise, because there are no facts suggesting any connection between GHI and Ohio. Again assuming that GHI is a competitor of an Ohio company, Plaintiff Plaskolite, there is no allegation that Plaintiff's antitrust claims arise out of activities GHI undertook in Ohio. Moreover, even if GHI's products were eventually resold in Ohio, this Circuit has adopted the "stream of commerce plus" theory, such that "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus.*

*Co., Ltd. v. Superior Court*, 480 U.S. 102, 111-113 (1987), followed by *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472, 478 (6th Cir. 2003).

Plaskolite contends that due process is satisfied because GHI "sold its product to Home Depot knowing that Home Depot would resell such product in Ohio." Plaskolite's sole source of this assertion is the affidavit of John Szlag, wherein he states: "I believe that both ZTE and Global Home knew that the plastic sheets they were selling to Home Depot would be sold in Ohio. . . I believe that both ZTE and Global Home therefore conducted business in Ohio." (Szlag Aff., doc. 21-2, at ¶21). As set out above, affidavits must be based on "personal knowledge" and statements of "belief" will not be considered. Plaintiff has provided no facts showing that its antitrust claims arise out of GHI's contacts with Ohio; rather, the facts indicate that GHI has no connections with this state, and exercising personal jurisdiction over GHI would be unreasonable.

Plaintiff has not succeeded in asserting a prima facie case that GHI is subject to personal jurisdiction in Ohio. *See Smith*, 2008 U.S. App. LEXIS 19858, *7; *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Absent personal jurisdiction, venue is also not appropriate in this Court under 28 U.S.C. § 1391(c) for Plaintiff's claims against GHI.

It is clear from the foregoing analysis that GHI's contacts with the state of Ohio are not sufficient to establish venue under Section 12. GHI is not incorporated in Ohio, and therefore is not an "inhabitant" of the State. *See Automotive Refinishing*, 358 F.3d at 293 n.6. Plaintiff does not assert that GHI has a "presence" or "continuous local activities" in the district, such that it could be considered "found" here. *Id.*; *Cumberland Truck Equip. Co.*, 401 F.Supp. 2d at 424. Accordingly, venue for Plaintiff's claims against GHI is lacking in this district.

*Venue for Claims against Defendant ZTE*

For its claims against the alien corporation, ZTE, Plaintiff asserts that venue is proper under Section 12 of the Clayton Act and the general venue provision of 28 U.S.C. § 1391(d). The general venue statute states: "An alien may be sued in any district." The statute therefore provides for venue to lie in any jurisdiction where service of process may be effected.

Several circuits have held that foreign corporations may be served pursuant to Section 12's world-wide service of process provision without first satisfying Section 12's venue clause because the service and venue clauses are "independent." *Automotive Refinishing*, 358 F.3d at 297. The Third Circuit Court of Appeals further held that for purposes of personal jurisdiction, minimum contacts are judged based on an alien defendant's aggregate national contacts, not its local contacts. *Id.* Finally, the court found that, given the unique nature of the general alien venue statute, a plaintiff could establish venue pursuant to 28 U.S.C. § 1391(d), instead of relying solely upon Section 12's venue clause. *Id.* at 293, 296. *See Cumberland Truck Equip. Co.*, 401 F. Supp. 2d at 419.

In *Go-Video*, the Ninth Circuit analyzed the interaction between the Clayton Act's venue and nationwide service of process provisions, and the general venue statute. The court found that nationwide service of process under Section 12 is available to a plaintiff who establishes venue under 28 U.S.C. § 1391(d). 885 F.2d at 1412 (*citing Bucyrus-Erie*, 550 F.Supp. 1037 (S.D.N.Y. 1982)). This Court agrees.

Turning to ZTE, the Court finds that venue is proper over Plaintiff's claims under the general venue statute, 28 U.S.C. § 1391(d), authorizing an alien to be sued in any district. Once venue has been established, Section 12 of the Clayton Act authorizes worldwide service of

10

process. ZTE was served in Ohio; the disputed circumstances of such service of process are not relevant, given the unlimited scope of permissible service of process under Section 12.

The Court next considers whether ZTE is subject to personal jurisdiction in this district. Where a statute authorizes world-wide service, the exercise of personal jurisdiction over an alien corporation comports with due process so long as the corporation has sufficient minimum contacts with the United States at large. *Go-Video*, 885 F.2d at 1414-15. *See also Fitzsimmons v. Barton*, 589 F.2d 330, 333 n. 4 (7th Cir. 1979) ("service beyond the bounds of the territorial United States . . . raises questions as to the contact of the defendant with the United States"); *Mariash v. Morrill*, 496 F.2d 1138, 1142-43 (2d Cir. 1974) (service of process under § 27 of Securities Exchange Act requires examination of defendant's contacts with United States); *Steinberg & Lyman v. Takacs*, 690 F.Supp. 263, 265-66 (S.D.N.Y. 1988) (same); *Amtrol, Inc. v. Vent-Rite Valve Corp.*, 646 F.Supp. 1168, 1171 (D.Mass. 1986) (where jurisdiction authorized by Clayton Act, and process served on alien corporation under Section 12, national contacts analysis appropriate); *First Federal Savings & Loan v. Oppenheim, Appel, Dixon & Co.*, 634 F. Supp. 1341, 1345 (S.D.N.Y. 1986); *Bucyrus-Erie*, 550 F.Supp. at 1043. See also Lilly, Jurisdiction Over Domestic and Alien Defendants, 69 Va.L.Rev. 85, 132 (1983) ("federal statutes conferring 'world-wide service of process' also permit a federal court to base its in personam jurisdiction upon the aggregate contacts [with the United States] of an alien defendant"). In an antitrust suit against an alien corporation, the Court finds that personal jurisdiction can be obtained in any district pursuant to the nationwide service provision under the Clayton Act, provided the corporation has adequate national contacts. *See Go-Video*, 885 F.2d at 1414.

ZTE concedes that it is subject to personal jurisdiction in Georgia, based on the fact that

11

it regularly transacts business with GHI in Georgia. It therefore follows that ZTE has sufficient national contacts with the United States to be subject to personal jurisdiction in this district under the broad scope of permissible service provided for in the Clayton Act, and the resulting reach of personal jurisdiction.

*Motion to Transfer Venue*

Defendants have moved, in the alternative to dismissal, for the Court to transfer this action to the Northern District of Georgia. 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party bringing a motion to transfer venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404 bears the burden of proving that the transferee district is a more convenient forum for litigation of the action. *See Proffitt v. Abbott Labs.*, 2008 U.S. Dist. LEXIS 72893, 15-16 (E.D. Tenn. Sept. 23, 2008); *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002).

A district court has broad discretion in deciding whether to grant or deny a motion to transfer pursuant to § 1404(a). *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). "In ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (*quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

In ruling on a Section 1404(a) motion, the Court need not limit itself to the three statutory factors. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *Tieman v. Victaulic*

12

*Co.*, 2007 U.S. Dist. LEXIS 7036 (S.D. Ohio Jan. 31, 2007). Rather, the Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (*citing* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters at § 3847 (2d ed. 1986)).

The private interests have included:

plaintiff's forum preference as manifested in the original choice, 1A Pt. 2 Moore's P 0.345[5], at 4363; the defendant's preference, 15 Wright, Miller & Cooper § 3848, at 385; whether the claim arose elsewhere, id. § 3848; the convenience of the parties as indicated by their relative physical and financial condition, id. § 3849, at 408; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, id. § 3851, at 420-22; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum), id. § 3853.

*Jumara*, 55 F.3d at 879. Public interests have included:

the enforceability of the judgment, 1A Pt. 2 Moore's P 0.345[5], at 4367; practical considerations that could make the trial easy, expeditious, or inexpensive, id.; the relative administrative difficulty in the two fora resulting from court congestion, id., at 4373; 15 Wright, Miller & Cooper § 3854; the local interest in deciding local controversies at home, 1A Pt. 2 Moore's P 0.345[5], at 4374; the public policies of the fora, see 15 Wright, Miller & Cooper § 3854; and the familiarity of the trial judge with the applicable state law in diversity cases, id.

*Jumara*, 55 F.3d at 879-80.

Considering all relevant factors, Defendants have established that transferring this case to the Northern District of Georgia serves the convenience of the parties and witnesses, and is in the interests of justice. Whereas in this district, the issues of venue and personal jurisdiction are

13

complex with regard to ZTE and lacking with regard to GHI[3], both Defendants agree that they are subject to the jurisdiction of the Georgia courts based on their contacts in that forum. Rather than dismissing GHI from this matter and proceeding in this district solely against ZTE, the interests of justice and judicial economy dictate that the entire case be transferred to Georgia, where the action might have been brought originally. *See Proffitt*, 2008 U.S. Dist. LEXIS 72893, *15 (consideration of the interest of justice includes judicial economy, and trying related litigation together). Further, GHI is a Georgia company, with no presence in Ohio. The transactions between ZTE and GHI took place in Georgia, which is where Plaintiff's claims arose. Most, if not all non-party witnesses, including key Home Depot employees, are located in Georgia, likely outside the subpoena power of this Court. Last, Plaskolite does business nationwide, and therefore will not be unduly inconvenienced by litigating in Georgia. Accordingly, the private factors favor transferring this matter to Georgia. Likewise, the public factors weigh in favor of transfer. The commercial bribery alleged occurred in Georgia, if at all, between or involving Georgia corporations and residents. Georgia's courts will have greater ability to enforce any judgment against the Defendants, both of which have a presence, do business, and are subject to personal jurisdiction in that forum.

Thus, the Court transfers this action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). The Court does not address the additional arguments contained in Defendants' motions to dismiss, including failure to state a claim, lack of standing, and lack of proper service, but rather finds that the interests of judicial economy are best served by transferring the case.

---

[3]The Court may transfer an action even if it lacks personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964).

## III.

For the foregoing reasons, the Court finds that venue over certain of Plaintiff's claims is improper in this District, and in the interests of justice, transfers the entire case to the Northern District of Georgia. Defendants' motions to transfer venue are GRANTED; Defendants' motions to dismiss are DENIED as MOOT. (Docs. 18, 20).

**IT IS SO ORDERED.**

12-9-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**